UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————

FRANK POLIVKA, on Behalf )
of Himself and All Others Similarly Situated, )
)
                     Plaintiff, )
)
          v. )
)
)
WALTER E. AUCH, FRANK K. REILLY, )
EDWARD M. ROOB, ADELA CEPEDA, J. )
MIKESELL THOMAS, MARGO N. )
ALEXANDER, UBS FINANCIAL SERVICES, )
INC., UBS GLOBAL ASSET MANAGEMENT )
AMERICAS, INC., UBS GLOBAL ASSET )
MANAGEMENT (NEW YORK), INC., SSGA )
FUNDS MANAGEMENT, INC., MARSICO )
CAPITAL MANAGEMENT, LLC, )
DELAWARE INVESTMENTS, WESTWOOD )
MANAGEMENT CORPORATION, )
INSTITUTIONAL CAPITAL CORPORATION, )
ICM ASSET MANAGEMENT, INC., ARIEL )
CAPITAL MANAGEMENT, LLC. and JOHN )
DOES NO. 1 THROUGH 100, )
)
                     Defendants. )

————————————————————————

C.A. No. 05-CV-0297 (BSJ)

**MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANTS UBS GLOBAL ASSET MANAGEMENT
(NEW YORK) INC. AND MARGO N. ALEXANDER'S MOTION TO DISMISS**

DECHERT LLP
30 Rockefeller Plaza
New York, New York  10112-2200
(212) 698-3500

*Attorneys for Defendants*
*UBS Global Asset Management*
(New York) Inc. and Margo N. Alexander

## TABLE OF CONTENTS

.

TABLE OF AUTHORITIES ........................................................................................ iii

INTRODUCTION ................................................................................................... 2

REVIEW OF RELEVANT FACTS AND SUMMARY OF ARGUMENT ................................... 3

ARGUMENT ......................................................................................................... 6

POINT I     THE COMPLAINT MUST BE DISMISSED BECAUSE THE
PLAINTIFF LACKS STANDING ................................................ 6

POINT II     PLAINTIFF'S COMPLAINT FAILS TO ALLEGE SUFFICIENT
FACTS TO STATE A CLAIM, EVEN UNDER FEDERAL
NOTICE PLEADING STANDARDS .......................................... 10

POINT III     COUNTS I, II, III, AND V SHOULD BE DISMISSED
BECAUSE THEY CANNOT BE BROUGHT AS DIRECT
SHAREHOLDER CLAIMS ...................................................... 13

A.     Because The Alleged Injury Was To The Funds, The Claims
Can Only Be Brought Derivatively ............................................ 14

B.     Counts I, II, III And V Also Fail Because Plaintiff Has Not
Complied With Federal Rule Of Civil Procedure 23.1 ................ 18

POINT IV     COUNT III SHOULD BE DISMISSED BECAUSE IT FAILS TO
STATE A CLAIM UNDER SECTION 36(A) OF THE ICA .............. 19

A.     Under Recent Supreme Court Precedent, Courts Must Focus
On Statutory Text And Structure In Determining Whether Congress
Intended To Confer A Private Right Of Action ........................... 20

B.     The Language And Structure Of Section 36(a) Manifest No
Congressional Intent To Confer A Private Right Of Action ......... 23

POINT V     COUNT IV SHOULD BE DISMISSED BECAUSE PLAINTIFF
FAILS TO STATE A CLAIM UNDER SECTION 36(B) OF THE
ICA ...................................................................................... 27

A.     Count IV Should Be Dismissed Because Plaintiff Does Not
Plead A Claim For Excessive Advisory Fees ............................... 28

B.     Plaintiff Fails To State A Claim Under Section 36(b)
Because He Does Not Seek To Recover On Behalf Of The Funds ... 30

**TABLE OF CONTENTS**
**(continued)**

POINT VI    COUNT V FAILS TO STATE A CLAIM UNDER SECTION
47(B) OF THE ICA AND SHOULD BE DISMISSED ............................31

    A.    Plaintiff Has No Standing To Sue Under Section 47(b) ...........................31

    B.    Plaintiff's Claim Under Section 47(b) Fails Because He
Cannot Establish An Underlying Violation Of The ICA...........................32

    C.    Plaintiff's Section 47(b) Claim Fails Because He Does Not Allege That
The Advisory Agreements, Either On Their Face, Or
As Necessarily Performed, Violated The ICA...........................................33

POINT VII    PLAINTIFF'S STATE LAW CLAIMS SHOULD BE
DISMISSED ...............................................................................................35

CONCLUSION.......................................................................................................................39

# TABLE OF AUTHORITIES

## CASES

Alexander v. Sandoval,
    532 U.S. 275 (2001)....................................................................................... 20, passim

Allen v. Wright,
    468 U.S. 737 (1984)................................................................................................6-7

Ash v. Int'l Bus. Mach., Inc.,
    353 F.2d 491 (3d Cir. 1965)...................................................................................... 16

Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.,
    No. Civ. A. 01-5734, 2004 WL 1459249 (D. N.J. Feb. 9, 2004) .............................................. 29

Blum v. Yaretsky,
    457 U.S. 991 (1982)................................................................................................. 8

Brehm v. Eisner,
    746 A.2d 244 (Del. 2000) ......................................................................................... 19

Chamberlain v. Aberdeen Asset Mgmt. Ltd.,
    No. 02 CV 5870, 2005 WL 195520 (E.D.N.Y. Jan. 21, 2005),
    vacated by 2005 WL 1378757 (E.D.N.Y. Apr. 12, 2005) ...........................................24, 26-27

Clark v. Nevis Capital Mgmt., LLC,
    04 Civ. 2702, 2005 WL 488641 (S.D.N.Y. Mar. 2, 2005) ...................................................... 32

Cohen v. Citibank, N.A.,
    954 F. Supp. 621 (S.D.N.Y. 1996) .......................................................................... 32, 34

Correctional Servs. Corp. v. Malesko,
    534 U.S. 61 (2001)................................................................................................. 20

Daily Income Fund, Inc. v. Fox,
    464 U.S. 523 (1984)............................................................................................... 13

Danielewicz v. Arnold,
    769 A.2d 279 (Md. Spec. App. 2001).......................................................................... 35, 37

Densmore v. Gen. Motors Acceptance Corp.,
    No. 03-C-1866, 2003 WL 22220177 (N.D. Ill. Sept. 25, 2003)..........................................11-13

DM Research, Inc. v. Coll. of Am. Pathologists,
    170 F.3d 53 (1st Cir. 1999)...................................................................................... 12

# TABLE OF AUTHORITIES
## (continued)

In re Dreyfus Aggressive Growth Mut. Fund Litig.,
  No. 98 Civ. 4318, 2000 WL 10211 (S.D.N.Y. Jan. 6, 2000)................................................ 17, 27

In re Eaton Vance Corp. Sec. Litig.,
  219 F.R.D. 38 (D. Mass. 2003)............................................................................................... 8

Gartenberg v. Merrill Lynch Asset Mgmt., Inc.,
  694 F.2d 923 (2d Cir. 1982).................................................................................................. 29

Glatzer v. Bear, Stearns & Co.,
  No. 04-Civ.-8380, 2005 WL 1571981 (S.D.N.Y. July 5, 2005)............................................. 11

Gonzaga Univ. v. Doe,
  536 U.S. 273 (2002)........................................................................................... 21, 23-24

Goodman v. Poland,
  395 F. Supp. 660 (D. Md. 1975) .......................................................................................... 14

Gooley v. Mobil Oil Corp.,
  851 F.2d 513 (1st Cir. 1988)................................................................................................ 10

Green v. Fund Asset Mgmt., L.P.,
  147 F. Supp. 2d 318 (D. N.J. 2001) ...................................................................................... 7

Green v. Fund Asset Mgmt. L.P.,
  286 F.3d 682 (3d Cir. 2002).......................................................................................... 28, 29

Green v. Nuveen Advisory Corp.,
  295 F.3d 738 (7th Cir. 2002) ............................................................................................... 28

Herman v. Steadman,
  50 F.R.D. 488 (S.D.N.Y. 1970) ............................................................................................. 9

Kamen v. Kemper Fin. Servs., Inc.,
  500 U.S. 90, 108 (1991) ............................................................................................... 14, 19

Kann v. Kann,
  690 A.2d 509 (Md. 1997) ................................................................................................. 36-37

Kauffman v. Dreyfus Fund, Inc.,
  434 F.2d 727 (3d Cir. 1970).......................................................................................... 7, 16

# TABLE OF AUTHORITIES
## (continued)

Kerby v. Mortgage Funding Corp.,
  992 F. Supp. 787 (D. Md. 1998) ................................................................ 37

Komanoff v. Mabon, Nugent & Co.,
  884 F. Supp. 848 (S.D.N.Y. 1995) ........................................................... 34

Lessler v. Little,
  857 F.2d 866 (1st Cir. 1988) ..................................................................... 32

Levine v. Smith,
  591 A.2d 194 (Del. 1991), .......................................................................... 19

Levy v. Alliance Capital Mgmt. L.P.,
  No. 95 Civ. 4672, 1998 WL 744005 (S.D.N.Y. Oct. 26, 1998) ............................ 29

Lewis v. Anselmi,
  564 F. Supp. 768 (S.D.N.Y. 1983) ........................................................... 19

Lujan v. Defenders of Wildlife,
  504 U.S. 555 (1992) ..................................................................................... 7

Manzo v. Rite Aid Corp.,
  No. Civ. A. 18451, 2002 WL 31926606 (Del. Ch. Dec. 19, 2002) ......................... 16

Markowitz v. Brody,
  90 F.R.D. 542 (S.D.N.Y. 1981) ................................................................ 19

In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.,
  272 F. Supp. 2d 243 (S.D.N.Y. 2003) ................................................... 17, 26

meVC Draper Fisher Jurvetson Fund I Inc. v. Millennium Partners, L.P.,
  260 F. Supp. 2d 616 (S.D.N.Y. 2003) ....................................................... 26

Migdal v. Rowe Price-Fleming Int'l Inc.,
  248 F.3d 321 (4th Cir. 2001) ..................................................................... 11

Mills v. Elec. Auto-Lite Co.,
  396 U.S. 375 (1970) ............................................................................... 33-34

Mutchka v. Harris,
  No. SACV0534JVSANX, 2005 WL 1414304 (C.D. Cal. June 8, 2005) ................... 3, passim

## TABLE OF AUTHORITIES
### (continued)

Odom v. Columbia University,
    906 F. Supp. 188 (S.D.N.Y. 1995) ........................................................................ 11

Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Investcorp S.A.,
    No. 97 Civ. 9261, 1999 WL 754015 (S.D.N.Y. Sep. 24, 1999) .............................. 11

Olesh v. Dreyfus Corp.,
    No. CV-94-1664, 1995 WL 500491 (E.D.N.Y. Aug. 8, 1995).................... 8-9, 27, 35

Olmsted v. Pruco Life Ins. Co. of New Jersey,
    283 F.3d 429 (2d Cir 2002)........................................................................ 21, passim

O'Shea v. Littleton,
    414 U.S. 488 (1974)................................................................................................. 8

Papasan v. Allain,
    478 U.S. 265, 286 (1986)....................................................................................... 36

Prado-Steinman ex rel. Prado v. Bush,
    221 F.3d 1266 (11th Cir. 2000) ............................................................................... 7

In re Reliance Sec. Litig.,
    135 F. Supp. 2d 480 (D. Del. 2001).................................................................... 35-36

Rohrbaugh v. Inv. Co. Inst.,
    Civ. A. No. 00-1237, 2002 WL 31100821 (D.D.C. July 2, 2002)....................... 28-29

Russello v. United States,
    464 U.S. 16 (1983)................................................................................................ 25

Sabree ex rel. Sabree v. Richman,
    367 F.3d 180 (3rd Cir. 2004) ................................................................................. 23

Saltz v. City of New York,
    129 F. Supp. 2d 642 (S.D.N.Y. 2001)..................................................................... 12

Scalisi v. Fund Asset Mgmt., L.P.,
    380 F.3d 133 (2d Cir. 2004).................................................................................. 10

Simon v. E. Kentucky Welfare Rights Org.,
    426 U.S. 26 ............................................................................................................ 7

## TABLE OF AUTHORITIES
### (continued)

Somogyi v. Butler,
    518 F. Supp. 970 (D. N.J. 1981) ................................................................ 32

Strougo v. Bassini,
    282 F.3d 162 (2d Cir. 2002) .............................................................. 14-15

Strougo v. BEA Assocs.,
    No. 98 Civ. 3725, 1999 WL 147737 (S.D.N.Y. Mar. 18, 1999) ............................................. 28

Swedish Civil Aviation Admin. v. Project Mgmt. Enter., Inc.,
    190 F. Supp. 2d 785 (D. Md. 2002) ................................................................ 37

In re Syncor Int'l Corp. Shareholders Litig.,
    857 A.2d 994 (Del. Ch. 2004) ................................................................ 15

Tarlov v. Paine Webber Cashfund, Inc.,
    559 F. Supp. 429, 438 ................................................................ 32

Three Rivers Ctr. for Indep. Living v. Hous. Auth.,
    382 F.3d 412 (3rd Cir. 2004) ................................................................ 25

Tooley v. Donaldson, Lufkin, & Jenrette, Inc.,
    845 A.2d 1031 (Del. 2004) ................................................................ 15

Touche Ross & Co. v. Redington,
    442 U.S. 560 (1979) ................................................................ 20, 22, 25

Transamerica Mortgage Advisors, Inc. v. Lewis,
    444 U.S. 11 (1979) ................................................................ 22

In re Triarc Cos.,
    791 A.2d 872 (Del. Ch. 2001) ................................................................ 16

United States v. Peterson,
    394 F.3d 98 (2d Cir. 2005) ................................................................ 33

In re Value Line Special Situation Fund Litig.,
    No. M 19-103, 1974 WL 412 (S.D.N.Y. June 13, 1974) ........................................... 9

W. Allis Mem'l Hosp., Inc. v. Bowen,
    852 F.2d 251 (7th Cir. 1988) ................................................................ 23

## TABLE OF AUTHORITIES
### (continued)

Waller v. Waller,
    49 A.2d 449 (Md. 1946) ........................................................................... 14

Weiner v. Winters,
    50 F.R.D. 306 (S.D.N.Y. 1970) ................................................................ 9

Werbowsky v. Collomb,
    766 A.2d 123 (Md. 2001) .................................................................. 14, 19

Werfel v. Kramarsky,
    61 F.R.D. 674 (S.D.N.Y. 1974) ................................................................ 9

Werner v. Miller Tech. Management, L.P.,
    831 A.2d 318 (Del. Ch. 2003).................................................................. 36

Williams v. Bank One Corp.,
    Civ. A. No. 03-8561, 2003 WL 22964376 (N.D. Ill. Dec. 15, 2003) ........................................ 8

Wittman v. Crooke,
    707 A.2d 422 (Md. Spec. App. 1998)..................................................... 37

Yampolsky v. Morgan Stanley Inv. Advisers Inc.,
    No. 03 Civ. 5896, 2004 WL 1065533 (S.D.N.Y. May 12, 2004)............................................ 29

Zerman v. Jacobs,
    510 F. Supp. 132 (S.D.N.Y. 1981), aff'd, 672 F.2d 901 (2d Cir. 1981)................................. 34

## STATUTES

Rule 8(a) of the Federal Rules of Civil Procedure....................................................... 11

Rule 12(b)(6) of the Federal Rules of Civil Procedure................................................ 1-2

Rule 23.1 of the Federal Rules of Civil Procedure ........................................... 2, passim

Section 36(a) of the Investment Company Act of 1940 ("ICA")
15 U.S.C. § 80a-35(a) .................................................................................. 3, passim

Section 36(b) of the ICA
15 U.S.C. § 80a-35(b) ................................................................................... 4, passim

**TABLE OF AUTHORITIES**
**(continued)**

Section 47(b) of the ICA
15 U.S.C. § 80a-46(b) .......................................................................................................... 4, passim

Section 29(b) of the Securities Exchange Act of 1934
15 U.S.C. § 78cc(b).................................................................................................................. 32, 34

28 U.S.C. § 1367.......................................................................................................................... 35

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANK POLIVKA, on Behalf<br>of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WALTER E. AUCH, FRANK K. REILLY,<br>EDWARD M. ROOB, ADELA CEPEDA, J.<br>MIKESELL THOMAS, MARGO N.<br>ALEXANDER, UBS FINANCIAL SERVICES,<br>INC., UBS GLOBAL ASSET MANAGEMENT<br>AMERICAS, INC., UBS GLOBAL ASSET<br>MANAGEMENT (NEW YORK), INC., SSGA<br>FUNDS MANAGEMENT, INC., MARSICO<br>CAPITAL MANAGEMENT, LLC,<br>DELAWARE INVESTMENTS, WESTWOOD<br>MANAGEMENT CORPORATION,<br>INSTITUTIONAL CAPITAL CORPORATION,<br>ICM ASSET MANAGEMENT, INC., ARIEL<br>CAPITAL MANAGEMENT, LLC. and JOHN<br>DOES NO. 1 THROUGH 100,<br><br>Defendants. | C.A. No. 05-CV-0297 (BSJ) |

## MEMORANDUM OF LAW IN SUPPORT
## OF DEFENDANTS UBS GLOBAL ASSET MANAGEMENT
## (NEW YORK) INC. AND MARGO N. ALEXANDER'S MOTION TO DISMISS

Defendants UBS Global Asset Management (New York) Inc. and Margo N.

Alexander respectfully submit this memorandum of law in support of their motion under Rules

12(b)(6) and 23.1 of the Federal Rules of Civil Procedure to dismiss, with prejudice, plaintiff's Complaint in the above-referenced action.[1]

## INTRODUCTION

This action is a replica of more than forty cookie-cutter lawsuits filed across the country, each alleging that the defendant mutual fund complexes <u>may</u> have invested in more than 130 securities subject to class action settlements; that <u>if</u> the funds invested in these securities, they <u>may</u> have qualified to participate in settlements; and <u>if</u> the funds did qualify, they <u>may</u> not have filed the necessary paperwork to collect proceeds in which they <u>may</u> have been entitled. Here, plaintiff targets certain of the UBS family of mutual funds (the "Funds"), modifying only slightly the generic pattern pleadings employed in other matters.

Unburdened by the slightest factual detail, replete with obvious error and asserting claims that are patently deficient as a matter of law, this action, like its many clones, represents an effort to convert supposition into cash. Theorizing that some unnamed UBS funds must have missed a filing deadline for class action settlements somewhere along the line, plaintiff asserts causes of action not recognized by Congress, that belong to the Funds, not shareholders, and that require actual allegations of wrongdoing, not speculation as to potential supposed negligence. Hoping to usurp the right of the Funds' boards to control claims of harm to the Funds, plaintiff has brought his claim as a purported class action, skipping the crucial steps of making demand on the boards or alleging excuse from that fundamental requirement of derivative claims.

---

[1]    Plaintiff filed a Notice of Voluntary Dismissal as to the other defendants in this action on or about June 13, 2005. Thus, the only remaining defendants are UBS Global Asset Management (New York) Inc. (alleged to be an advisor to certain UBS funds) (the "Advisor Defendant") and Margo N. Alexander (alleged to be a member of the Board of Directors for the UBS Funds).

One district court, faced with claims identical to those brought by plaintiff's counsel here, rejected them as inadequately pled and contrary to the law. See Mutchka v. Harris, No. SACV0534JVSANX, 2005 WL 1414304, *1,  **1, 3-6 (C.D. Cal. June 8, 2005).  For the reasons set forth below, the same result should obtain in this case.

### REVIEW OF RELEVANT FACTS AND SUMMARY OF ARGUMENT

Plaintiff Frank Polivka ("plaintiff") purports to bring this action on behalf of himself and a putative nationwide class of all persons owning stock in "open-ended mutual funds with equity securities holdings in the UBS Family of Funds (the 'Funds')" between January 12, 2002 and January 12, 2005.  Complaint ("Compl.") ¶ 1.  According to plaintiff, during the putative class period "hundreds of securities class action cases were settled . . . ."  Compl. ¶ 24.  Plaintiff alleges that the Funds were eligible to participate in some of these settlements "by virtue of their ownership of the securities during the requisite time period of each case."  Id.  The Complaint proceeds to list more than 130 class actions in which the Funds may have potentially owned shares of the securities at issue; there is no non-conjectural allegation that, in fact, any one of the unspecified Funds in question actually owned any one of the many securities that were the subject matter of the listed class actions.  Id.  Solely "upon information and belief," and without a single supporting fact, plaintiff then avers that "Defendants failed to submit Proof of Claim forms in these cases and thereby forfeited Plaintiff's rightful share of the recover [sic] obtained in the securities class actions."  Compl. ¶ 26.

Based on the foregoing allegations of "fact", plaintiff asserts the following claims:

- Breach of fiduciary duty and negligence against all defendants under common law (Counts I and II);

- Breach of fiduciary duty against all defendants pursuant to Section 36(a) of the Investment Company Act of 1940 ("ICA") (Count III);

-3-

- Breach of fiduciary duty against certain defendants (but not defendant Alexander) under Section 36(b) of the ICA (Count IV); and

- A declaration that unidentified "Agreements" between certain defendants (but not defendant Alexander) and the Funds are unenforceable pursuant to Section 47(b) of the ICA (Count V).

Some of the same plaintiffs' attorneys who filed this Complaint have filed dozens of virtually identical lawsuits against nearly every major mutual fund family in the country. See Affirmation of Adam J. Wasserman, executed July 14, 2005 ("Wasserman Aff.") ¶ 2 (listing more than 40 "failure to file" lawsuits filed in the federal courts); see also Complaint in Lefler et al. v. Hacker et al., No. 05-10065 (D. Mass.) ("Columbia Complaint") (attached as Wasserman Aff. Exhibit A ). In those other complaints, plaintiffs similarly allege, again upon information and belief, that the mutual funds failed to participate in the same or substantially the same 130 plus class actions that are identified here. Cf. Columbia Complaint ¶ 25 with Compl. ¶ 24.

Given that plaintiff's Complaint is of the "cookie-cutter" variety, it is perhaps not surprising that plaintiff appears to have no personal knowledge regarding his claims. In fact, plaintiff candidly admits that his claims are brought "upon information and belief that the allegations are likely to have evidentiary support and upon the representation that they will be withdrawn or corrected if reasonable opportunity for further investigation or discovery indicates insufficient evidentiary support." See Compl. ¶ 5. This same disclaimer appears in other complaints plaintiff's counsel have filed. Cf. Columbia Complaint ¶ 5. Notably, however, plaintiffs do not indicate what information their allegations are based on or from which they draw the conclusion that their allegations are "likely to have evidentiary support." Indeed, plaintiff has already voluntarily dismissed the Complaint as against 14 of the UBS defendants --

including one of the two advisor defendants, all of the sub-advisor defendants, a defendant incorrectly named as a parent company defendant, and all but one of the director defendants.

Moreover, though the Complaint purports to address the "UBS Family of Funds," it does not, however, identify which specific UBS funds are even the subject of the Complaint. Nor does plaintiff, other than alleging that he owned "one of the Funds," provide any information regarding his investments. Id. ¶ 10. Significantly, plaintiff does not identify either the fund in which he owned shares or the dates of his ownership. Additionally, the Complaint names UBS Global Asset Management (New York) Inc. as a defendant, claiming that it "is a registered investment advisor and has the responsibility for the day-to-day management of the UBS Family of Funds." See Compl. ¶ 13B.  However, UBS Global Asset Management (New York) Inc. no longer survives as a corporate entity as it was merged into another corporation in effective December 31, 2003.  See Capezzuto Aff. ¶ 2 and Exhibit A.  Thus, not only is Polivka an improper plaintiff, but UBS Global Asset Management (New York) Inc. is an improper defendant.

In addition to these fatal factual errors, plaintiff's complaint suffers from a host of legal deficiencies as well.  Together, the Complaint's legal and factual flaws require its dismissal for several reasons.  First, plaintiff does not assert ownership of any specific fund that is the subject matter of the Complaint and does not assert ownership of all of the funds that are the subject matter of the Complaint; as such, his case should be dismissed for lack of standing.  See Point I.  Second, plaintiff's Complaint fails to allege sufficient facts to state a claim, even under the most liberal application of notice pleading standards.  See Point II.  Third, every count except Count IV should be dismissed because they are derivative claims that cannot be brought as a direct shareholder action.  See Point III.  Fourth, Count III must also be dismissed because no private right of action exists under Section 36(a) of the Investment Company Act.  See Point IV.

Fifth, Count IV should be dismissed because plaintiff fails to state an excessive fee claim under Section 36(b) of the Investment Company Act.  <u>See</u> Point V.  Sixth, Count V should be dismissed as plaintiff fails to state a cognizable claim to void the applicable advisory agreements. <u>See</u> Point VI.  Finally, plaintiff's state law claims should be dismissed, both because the court should decline supplemental jurisdiction and because they cannot, independently, stand as a matter of law.  <u>See</u> Point VII.

## ARGUMENT

### POINT I

### THE COMPLAINT MUST BE DISMISSED<br>BECAUSE THE PLAINTIFF LACKS STANDING

As an initial matter, this Complaint should be dismissed in its entirety because plaintiff lacks standing.  To have standing, a plaintiff must have been injured as a result of its dealings with the defendant.  In the context of cases involving shareholder claims against mutual funds, this means that a shareholder cannot assert claims regarding a fund in which he owned no shares.  Here, plaintiff does not even identify the "one" fund in which he owned shares.  <u>See</u> Compl. ¶ 10.  Yet, he seeks to sue on behalf of shareholders in a dozen or more separate funds, even though he does not allege that he owned shares in any specific fund, let alone all such Funds.  Accordingly, plaintiff lacks standing to sue.

Under the standing requirements of Article III of the Constitution, a plaintiff must have personally suffered an injury that is "fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief."  <u>Allen v. Wright</u>, 468 U.S. 737, 751

-6-

(1984).[2]  This test does not change because a case is brought as a putative class action.  As the

Supreme Court has noted: "even named plaintiffs who represent a class must allege and show

that they personally have been injured, not that injury has been suffered by other, unidentified

members of the class to which they belong and which they purport to represent."  Simon v. E.

Kentucky Welfare Rights Org., 426 U.S. 26, 40 n.20 (1976) (internal quotation omitted).  Thus,

as courts recognize:

> It is not enough that a named plaintiff can establish a case or
> controversy between himself and the defendant by virtue of having
> standing as to one of many claims he wishes to assert.  Rather,
> each claim must be analyzed separately, and a claim cannot be
> asserted on behalf of a class unless at least one named plaintiff has
> suffered the injury that gives rise to the claim.

Prado-Steinman ex rel. Prado v. Bush, 221 F.3d 1266, 1280 (11th Cir. 2000) (internal quotation

omitted).[3]

Courts have routinely held that shareholders cannot assert causes of actions on

behalf of mutual funds they do not own.  In Kauffman v. Dreyfus Fund, Inc., 434 F.2d 727 (3d

Cir. 1970), for example, the Third Circuit held that a plaintiff who owned shares in four mutual

funds could not bring a suit either as a class action or derivatively on behalf of 61 other similarly

---

[2]     In addition, the right of action created by Section 36(b) of the ICA similarly is expressly
restricted to claims brought by "a security holder of such registered investment company
on behalf of such company."  15 U.S.C.A. § 80a-35(b) (emphasis added).  Plaintiff
nowhere alleges that he currently is an investor in any UBS fund.

[3]     The standing requirement of Article III of the Constitution contains three elements:
injury in fact, causation, and redressibility.  Lujan v. Defenders of Wildlife, 504 U.S. 555,
560 (1992).  A party invoking federal jurisdiction bears the burden of establishing each of
these elements.  Id. at 561.  Injury in fact is an invasion of a legally protected interest that
is concrete and particularized, and actual or imminent.  Id.; see also Green v. Fund Asset
Mgmt., L.P., 147 F. Supp. 2d 318, 327 (D. N.J. 2001).  "Particularized" means that the
injury must affect the plaintiff in a personal and individual way.  See Lujan, 504 U.S. at
561 n.1.

situated mutual funds. Id. at 734. The court explained that a plaintiff who does not own shares in a fund cannot be a proper representative because "[t]he rights sought to be enforced cannot be considered 'common' to those who do and those who do not own shares." Id. at 736.

Similarly, in In re Eaton Vance Corp. Sec. Litig., 219 F.R.D. 38 (D. Mass. 2003), the plaintiffs owned shares in two funds, but sued four separate funds. Relying upon Supreme Court precedent, the court held that plaintiffs lacked standing to bring a class action against two funds in which they held no shares:

> [T]he named plaintiffs never purchased shares in or conducted any other business with two of the four funds, namely, the Institutional and Advisers funds. The named plaintiffs have therefore not been injured by Institutional and Advisers funds. Because the plaintiffs cannot "demonstrate the requisite case or controversy between themselves personally and [the Institutional and Advisers funds], 'none may seek relief on behalf of himself or any other member of the class.'" Blum v. Yaretsky, 457 U.S. 991, 1001 n.13 (1982) (quoting O'Shea v. Littleton, 414 U.S. 488, 494 (1974)). The named plaintiffs' claim against the Institutional and Advisers funds are therefore dismissed . . . .

Eaton Vance, 219 F.R.D. at 41; see also Williams v. Bank One Corp., Civ. A. No. 03-8561, 2003 WL 22964376, *1 (N.D. Ill. Dec. 15, 2003) (even where funds are not separate legal entities, but merely different series of beneficial interests in a trust, a plaintiff may not sue funds in which he owned no shares).

Similar standing requirements apply to derivative actions. Indeed, Federal Rule of Civil Procedure 23.1 specifically requires that a plaintiff in a shareholder derivative action allege that it "was a shareholder or member at the time of the transaction of which the plaintiff complains or that the plaintiff's share or membership thereafter devolved on the plaintiff by operation of law." Id. (emphasis added). Thus, courts have repeatedly refused to permit plaintiffs to bring derivative claims on behalf of funds in which they have not owned shares. See, e.g., Olesh v. Dreyfus Corp., No. CV-94-1664, 1995 WL 500491, *1, *17 n.7 (E.D.N.Y.

Aug. 8, 1995) (stating that "[p]laintiffs cannot assert injury to funds other than the ones to which they belong . . . ."); In re Value Line Special Situation Fund Litig., No. M 19-103, 1974 WL 412, *1, *8 (S.D.N.Y. June 13, 1974) (dismissing in pertinent part a derivative action and holding that shareholder in one Value Line fund could not sue derivatively on behalf of other Value Line funds); Werfel v. Kramarsky, 61 F.R.D. 674, 679 (S.D.N.Y. 1974) (dismissing derivative claim where plaintiff was not a shareholder of the corporation and therefore had no standing to sue derivatively); Herman v. Steadman, 50 F.R.D. 488, 490 (S.D.N.Y. 1970) (holding plaintiff could not maintain a derivative action on behalf of funds in which he owned no shares and could not bring a class action on behalf of shareholders of those funds); Weiner v. Winters, 50 F.R.D. 306, 310-11 (S.D.N.Y. 1970) (stating that a plaintiff who is not a shareholder of a mutual fund may not maintain a derivative action on behalf of that fund).

   As this case law makes clear, investors have standing to file claims only about funds in which they owned shares. Here, however, plaintiff does not allege ownership of any specific fund that was or could be the potential recipient of class action settlements; plaintiff has failed even to identify the "one" Fund he owned. See Compl. ¶ 10. This failure is fatal because, obviously, if plaintiff held shares of a fund that participated in all settlements, he would have suffered no injury and could bring no claim. Moreover, plaintiff does not allege that he owned a fund at the time when it could have tendered a claim in a class action settlement or received any compensation for such a claim. Finally, plaintiff lacks standing to make claims regarding all of the Funds as he does not allege that he owned stock in all of the funds and cannot bring claims regarding funds he did not own.

For these reasons, plaintiff lacks standing to pursue claims with respect to any of the funds and, accordingly, the Complaint should be dismissed in its entirety.[4]

## POINT II

### PLAINTIFF'S COMPLAINT FAILS TO ALLEGE SUFFICIENT FACTS TO STATE A CLAIM, EVEN UNDER FEDERAL NOTICE PLEADING STANDARDS

Plaintiff makes his allegations on "information and belief" without identifying any source of information or reasonable belief.  See Compl. ¶¶ 5, 24, 26, 32, 36, 39, 43.  Instead, plaintiff, in essence, alleges that the Funds may or may not have invested in more than 130 different securities and may or may not have failed to file proofs of claim in class actions relating to those securities.  Given that plaintiff's case is of the "cookie cutter" variety, it is perhaps unsurprising that plaintiff appears to have no personal knowledge regarding his claims.  Yet, plaintiff's counsel's rush to file dozens of these kinds of actions against mutual fund advisors across the country does not excuse plaintiff's failure to conduct even the most preliminary research using publicly-available information to support the allegations of his Complaint.

The conclusory and unsupported allegations that plaintiff does recite in this version of the generic Complaint are insufficient to state a claim. While a "plaintiff's 'facts'" must be accepted as alleged, courts are "not required to accept as true the legal conclusions or unwarranted deductions of fact drawn by the non-moving party." Scalisi v. Fund Asset Mgmt., L.P., 380 F.3d 133, 137 (2d Cir. 2004).  Courts will dismiss complaints where plaintiff pleads "no facts adequate to entitle him to offer evidence in support of his (entirely conclusory) assertions." Gooley v. Mobil Oil Corp., 851 F.3d 513, 514 (1st Cir. 1988) (affirming motion to

---

4       Moreover, as discussed (see Review of Relevant Facts and Summary of Argument, supra), UBS Global Asset Management (New York) Inc., no longer exists. Thus, the Complaint should be dismissed against that defendant for this reason as well.

dismiss); see also Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Investcorp

S.A., No. 97 Civ. 9261, 1999 WL 754015, *1, *5 (S.D.N.Y. Sep. 24, 1999) ("Color Tile")

(dismissing claims against director defendants because the "complaint lacks the basic factual

allegations that would allow an inference under Fed.R.Civ.P. 8(a) that the Director Defendants"

were not protected by the business judgment presumption); Odom v. Columbia University, 906

F. Supp. 188, 194-95 (S.D.N.Y. 1995) (dismissing discrimination claim because "even on a

motion to dismiss, a court cannot accept naked assertions in a complaint that does not set forth

supporting allegations of facts") (internal quotation omitted).  And, despite Federal Rule of Civil

Procedure 8(a)'s liberal pleading requirements, "more detail often is required than the bald

statement by plaintiff that he has a valid claim of some type against defendant."  Migdal v. Rowe

Price-Fleming Int'l Inc., 248 F.3d 321, 326 (4th Cir. 2001) (quoting 5A Charles A. Wright &

Arthur R. Miller, Federal Practice and Procedure §1357, 318 (2d ed. 1990)) (affirming dismissal

of shareholders' ICA claims against mutual funds' investment advisors); see also Glatzer v.

Bear, Stearns & Co., No. 04-Civ.-8380, 2005 WL 1571981, *1, *5 (S.D.N.Y. July 5, 2005)

(stating that "bald contentions, unsupported characterizations, and legal conclusions are not well-

pleaded allegations, and are insufficient to defeat a motion to dismiss") (internal quotation

omitted).  Indeed, "[t]his requirement serves to prevent costly discovery on claims with no

underlying factual or legal basis."  Migdal, 248 F.3d at 326.

   Thus, "[i]t is well established that counsel must make a reasonable inquiry before

filing a complaint, as a party may not file a lawsuit in order to conduct a fishing expedition based

on a hunch."  Densmore v. Gen. Motors Acceptance Corp., No. 03-C-1866, 2003 WL 22220177,

*1, *2 (N.D. Ill. Sept. 25, 2003); see also Color Tile, 1999 WL 754015, at *5 ("Conclusory

allegations alone cannot be the platform for launching an extensive, litigious fishing expedition

in the hope of finding something to support them") (internal quotation omitted).  While

"'information and belief' pleading is permissible if the complaint demonstrates that the information is inaccessible and that the pleader has reasonable grounds to suspect those facts," courts will dismiss complaints based on information and belief that fail to meet these requirements. Densmore, 2003 WL 22220177, at *2 (dismissing complaint based on information and belief because plaintiff "drag[ged] [defendant] into court without conducting a concrete investigation into" important facts that were ascertainable without discovery); cf. DM Research, Inc. v. Coll. of Am. Pathologists, 170 F.3d 53, 55 (1st Cir. 1999) (stating that a complaint's "factual allegations must be specific enough to justify drag[ging] a defendant past the pleading threshold . . . .") (internal quotations omitted); Saltz v. City of New York, 129 F. Supp. 2d 642, 646 (S.D.N.Y. 2001) (noting that, under Rule 11, pleading "on information and belief does not relieve litigants from the obligation to conduct an appropriate investigation into the facts that is reasonable on the circumstances," and awarding sanctions for plaintiff's failure to "make a reasonable inquiry into the facts alleged in plaintiff's complaint") (internal quotation omitted).

Here, plaintiff fails to plead even the most fundamental of facts that are clearly under his control -- such as the identify of those funds in which he invested or which specific UBS funds he claims to be covered by his Complaint. And, while all of the Complaint's critical allegations are made "upon information and belief," plaintiff makes no showing to demonstrate that such information, regarding whether the UBS Funds failed to file proofs of claim, was inaccessible to him. Nor does the Complaint explain why plaintiff has any reasonable basis to suspect that the UBS Funds did not file such proofs when appropriate. Instead, plaintiff lists more than 130 securities in which these funds may have qualified to file proofs of claims -- apparently without conducting any research into whether the UBS Funds even invested in these stocks in the first place. He then, on information and belief, alleges that the defendants failed to submit proofs of claims in all these cases, without the slightest detail to support that black or

-12-

white proposition at the bottom of his claims.  Plaintiff's complaint against the UBS defendants -
- one of more than 40 nearly identical cases filed against mutual fund advisors across the country
-- is a perfect example of a lawsuit brought "in order to conduct a fishing expedition based on a
hunch."  Densmore, 2003 WL 22220177, at *2.  Such an abusive pleading should not, as a matter
of law, be permitted to stand.

**POINT III**

**COUNTS I, II, III, AND V SHOULD BE DISMISSED BECAUSE
THEY CANNOT BE BROUGHT AS DIRECT SHAREHOLDER CLAIMS**

Plaintiff has brought all of his claims as "direct" claims on behalf of the putative

class.  Each of plaintiff's claims (other than Count IV) can only be brought, if at all, on a

derivative basis because the alleged harm was to the Funds.[5]  Any injury theoretically suffered

by plaintiff would have been as a result of the diminution of the assets of the Funds caused by

the failure to receive the proceeds of class action settlements to which the Funds were entitled.

Because plaintiff does not assert his claims derivatively and, in any event, has not even

attempted to comply with the pleading requirements for such an action, Counts I, II, III, and V

should be dismissed.

---

[5]   Count IV, alleging a violation of Section 36(b), may be brought directly.  See Daily
Income Fund, Inc. v. Fox, 464 U.S. 523 (1984).  As is discussed below, however, that
claim fails as a matter of law because, among other things, plaintiff does not allege
excessive advisory fees and fails to seek recovery on behalf of the Funds.

**A.    Because The Alleged Injury Was To The Funds, The Claims Can Only Be Brought Derivatively**

Maryland and Delaware law, which govern here,[6] clearly distinguish between: (1) direct claims properly asserted by injured shareholders; and (2) claims that allege harm to the corporation, which can be brought only by the corporation itself or by shareholders in a derivative action.

Under Maryland law, "a stockholder cannot sue individually to recover damages for injuries to the corporation." Goodman v. Poland, 395 F. Supp. 660, 687 (D. Md. 1975); Waller v. Waller, 49 A.2d 449, 452 (Md. 1946) (holding that the stockholder could not maintain a direct action "to recover damages for . . . breach of trust which depreciated the capital stock or rendered it valueless"); see also Werbowsky v. Collomb, 766 A.2d 123, 135 (Md. 2001).  In Strougo v. Bassini, 282 F.3d 162, 170 (2d Cir. 2002), the Second Circuit, applying Maryland law, concluded that:

> In deciding whether a shareholder may bring a direct suit, the question the Maryland courts ask is not whether the shareholder suffered injury; if a corporation is injured those who own the corporation are injured too.  The inquiry, instead, is whether the

---

[6]    Whether a particular action can be brought as a direct or derivative claim is determined by the law of the state under which the fund is organized or incorporated.  See Kamen v. Kemper Fin. Servs., Inc., 500 U.S. 90, 108 (1991).  During the relevant time period, most of the Funds were issued by trusts organized under Maryland law, although a few of the Funds were issued by trusts organized under the laws of Delaware.  Although plaintiff fails to identify the funds at issue, for the sake of completeness, defendants address both Delaware and Maryland law.

shareholders' injury is 'distinct' from that suffered by the corporation.[7]

Similarly, under the laws of Delaware, it is well-settled that shareholders are not permitted to directly bring a claim that should be brought derivatively on behalf of a corporation. See In re Syncor Int'l Corp. Shareholders Litig., 857 A.2d 994, 995 (Del. Ch. 2004) (dismissing shareholder claim that should have been brought derivatively).  The Supreme Court of Delaware has held that the determination of whether a claim is direct or derivative turns "solely on the following questions:  (1) who suffered the alleged harm (the corporation or the suing stockholders, individually); and (2) who would receive the benefit of any recovery or other remedy (the corporation or the stockholders, individually)?"  Tooley v. Donaldson, Lufkin, & Jenrette, Inc., 845 A.2d 1031, 1033 (Del. 2004) (emphasis in original).  To pursue a direct action, plaintiffs must demonstrate that they suffered an "injury sustained by . . . the holder," "'independent of any injury to the corporation,'" and that they "can prevail without showing an injury to the corporation."  Id. at 1036, 1038 (internal quotations omitted); see also Syncor, 857 A.2d at 996-97.  Thus, where, as here, the "substantive nature of the alleged injury is such that it falls directly on the corporation as a whole and collectively, but only secondarily, upon its stockholders as a function of and in proportion to their pro rata investment in the corporation, the claim is derivative in nature and may be maintained only on behalf of the corporation."  In re

---

[7]     In Strougo, the Second Circuit upheld the dismissal of a Section 36(a) claim that sought recovery because the transaction costs from a rights offering diminished the fund's assets. The court found that such allegations were a classic example of a claim that must be brought derivatively under Maryland law.  Id., 282 F.3d at 174.  While the court permitted counts in the complaint concerning the supposed coercive nature of the rights offering to proceed, those claims alleged harm to individual shareholders, not the corporation.  The Second Circuit noted that the "particular harm allegedly suffered by an individual shareholder as a result of the coercion depends on whether or not that shareholder participated in the rights offering."  Id.

-15-

Triarc Cos., 791 A.2d 872, 878 (Del. Ch. 2001) (internal citation and quotation marks omitted);

see also Manzo v. Rite Aid Corp., No. Civ. A. 18451, 2002 WL 31926606, *1, *5 (Del. Ch. Dec.

19, 2002) (where an injury is "suffered by all … shareholders in proportion to their pro rata share

ownership," this states "a derivative claim").

These general principles fully apply to claims against mutual funds.  In a case on

point, the Third Circuit has held that an action alleging harm to a mutual fund may not be

brought as a direct shareholder claim.  See Kauffman v. Dreyfus Fund, Inc., 434 F.2d 727, 732

(3d Cir. 1970).  In that case, the court affirmed the dismissal of a putative class action brought by

a mutual fund shareholder, explaining:

> A stockholder of a corporation does not acquire standing to
> maintain an action in his own right, as a shareholder, when the
> alleged injury is inflicted upon the corporation and the only injury
> to the shareholder is the indirect harm which consists in the
> diminution in value of his corporate shares resulting from the
> impairment of corporate assets.  In this situation, it has been
> consistently held that the primary wrong is to the corporate body
> and, accordingly, that the shareholder, experiencing no direct
> harm, possesses no primary right to sue.

Id. (citing Ash v. Int'l Bus. Mach., Inc., 353 F.2d 491 (3d Cir. 1965)).  The Third Circuit further

explained that a mutual fund shareholder is no different in this regard than other shareholders,

even though the value of a mutual fund share bears a "direct relationship to the total net assets

owned by the fund."  Id. at 733.  Indeed, the court explained that allowing a direct claim on that

basis:

> . . . fails properly to appreciate, or seeks to ignore, the fundamental
> tenet of corporation law which treats the corporate body as an
> entity -- indeed, as a person -- separate and distinct from those who
> own shares of its stock . . . .  It is this concept that reserves for the
> corporation the right to vindicate wrongs which harm the
> corporation, injuring the shareholders only in the sense that stock
> values are imperiled.

Id.

-16-

This principle was recently applied in <u>In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.</u>, 272 F. Supp. 2d 243 (S.D.N.Y. 2003).  There, the plaintiff sued under ICA § 34(b), alleging that a prospectus failed to disclose, among other things, that a fund was investing in companies with whom the adviser's broker-dealer affiliate had an investment banking relationship.  The district court applied Maryland law and dismissed the Section 34(b) claim for failure to proceed derivatively on behalf of the fund.  The court found that the plaintiff's alleged injuries arose only "because the Fund's net asset value declined."  <u>Id.</u> at 260.  Similarly, in <u>In re Dreyfus Aggressive Growth Mut. Fund Litig.</u>, No. 98 Civ. 4318, 2000 WL 10211, *1, *4 (S.D.N.Y. Jan. 6, 2000), the court held under Maryland law that a claim under Section 36(a) of the ICA was derivative because plaintiffs' alleged injury "was derived from harm to the Funds themselves."

Here, plaintiff likewise has failed to allege an injury independent of any injury to the Funds.  Rather, he alleges that defendants breached their fiduciary duties "by failing to ensure that <u>the Funds participated</u> in securities class action settlements for which <u>the Funds were eligible</u>."  <u>See</u> Compl. ¶ 1 (emphasis added).  Plaintiff does not and cannot claim that he or any other shareholder had an individual or separate right to participate in the class actions at issue in the Complaint.  Instead, plaintiff merely alleges that he was harmed only because <u>the Funds</u> failed to file proofs of claim and the assets of <u>the Funds</u> themselves, as a result, were smaller than they should have been.  <u>See</u> Compl. ¶ 24 ("the <u>Funds</u> were eligible to participate in the recovery in a significant number of the cases by virtue of their ownership of the securities during the requisite time period of each case"); ¶ 25 ("If the Defendants had submitted Proof of Claim forms <u>on behalf of the Funds</u> in these cases and all others to which the <u>Funds</u> had valid claims, the settlement funds would have increased the total assets <u>held by the Funds</u>") (emphasis added).